**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
LANSING DIVISION**

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 1:17-cv-888 |
| | § | |
| vs. | § | **JURY DEMANDED** |
| | § | |
| PAGEANT HOMES, INC., | § | |
| LEGG LUMBER COMPANY, | § | |
| CITIZENS BUILDERS SUPPLY | § | |
| COMPANY, ALLEGAN LUMBER | § | |
| CO., INC., LANSING LUMBER | § | |
| COMPANY, MARSHALL LUMBER | § | |
| COMPANY, and MARION LUMBER & | § | |
| SUPPLY COMPANY, INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, Design Basics, LLC, files this Complaint against Defendants Pageant Homes, Inc., Legg Lumber Company, Citizens Builders Supply Company, Allegan Lumber Co., Inc., Lansing Lumber Company, Marshall Lumber Company, and Marion Lumber & Supply Company, Incorporated, and for its causes of action alleges the following:

## Parties

1.      Design Basics, LLC, is a Nebraska Limited Liability Company with its principal place of business in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of

action) that Design Basics, Inc., owned as of that date.  Design Basics, LLC, and its predecessor (Design Basics, Inc.) will hereinafter be referred to as "Design Basics."

2.      Design Basics is engaged in the business of creating, marketing, publishing, and licensing the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990, both codified at 17 U.S.C.§ 101 et seq.) and technical drawings depicting such architectural works.

3.      Pageant Homes, Inc. ("Pageant") is a corporation organized under the laws of the State of Michigan with its principal place of business in Ingham County, Michigan. Pageant may be served through its registered agent Darrin S. Bennett, 4000 E. Holt Rd., Holt, Michigan 48842. Pageant's principal corporate activities are designing and constructing residential homes and commercial structures.

4.      Legg Lumber Company ("Legg") is a corporation organized under the laws of the State of Michigan with its principal place of business in Branch County, Michigan. Legg may be served through its registered agent Scott Stevens, 43 S. Monroe St., Coldwater, Michigan 49036. Legg's principal corporate activity is the operation of a lumber yard/building center. Legg also does business as Legg Lumber and Lumbertown.

5.      Citizens Builders Supply Company ("Citizens") is a corporation organized under the laws of the State of Michigan with its principal place of business in Calhoun County, Michigan. Citizens may be served through its registered agent Timothy D. Paugh, 101 South Monroe, Albion, Michigan 49224. Citizens' principal corporate activity is the operation of a lumber yard/building center. Citizens also does business as Legg Lumber Albion and Lumbertown.

6.      Allegan Lumber Co., Inc. ("Allegan") is a corporation organized under the laws of the State of Michigan with its principal place of business in Allegan County, Michigan. Allegan

2

may be served through its registered agent Peter West, 730 River St., Allegan, Michigan 49010. Allegan's principal corporate activity is the operation of a lumber yard/building center. Allegan also does business as Legg Lumber Allegan and Lumbertown.

7.      Lansing Lumber Company ("Lansing") is a corporation organized under the laws of the State of Michigan with its principal place of business in Ingham County, Michigan. Lansing may be served through its registered agent Darrin S. Bennett, 4000 E. Holt Road, Holt, Michigan 48842. Lansing's principal corporate activity is the operation of a lumber yard/building center. Lansing also does business as Pageant, Legg Lumber Lansing, and Lumbertown.

8.      Marshall Lumber Company ("Marshall") is a corporation organized under the laws of the State of Michigan with its principal place of business in Calhoun County, Michigan. Marshall may be served through its registered agent John Kelly, 330 S. Kalamazoo Ave., Marshall, Michigan 49068. Marshall's principal corporate activity is the operation of a lumber yard/building center. Marshall also does business as Legg Lumber Marshall and Lumbertown.

9.      Marion Lumber & Supply Company, Incorporated ("Marion") is a corporation organized under the laws of the State of Indiana with its principal place of business in Grant County, Indiana. Marion may be served through its registered agent Donald Jay Ferguson, 3054 Partridge Lane, Marion, Indiana 46953. Marion's principal corporate activity is the operation of a lumber yard/building center. Marion also does business as Legg Lumber Marion and Marion Lumbertown.

## Jurisdiction and Venue

10.      This Court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under federal copyright law, 17 U.S.C. § 101 *et seq*.

11.     Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found in this District. Furthermore, or in the alternative, venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in this District; and Defendants reside and do business in this District.

## **Factual Background**

12.     Design Basics is a building design firm that creates, markets, and licenses the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990 (the "AWCPA")) and technical drawings depicting architectural works. Design Basics own copyrights protecting the architectural works and technical drawings they have created.

13.     Design Basics is the author and the owner of all copyrights in the following works, each of which has been registered with the United States Copyright Office:

| Title | Registration Certificate No. |
|-------|------------------------------|
| Plan No. 6715 – Sycamore | VA 972-165 & 977-098 |
| Plan No. 6710 – Kincaid | VA 996-947 & 1-024-273 |
| Plan No. 2235 – Albany | VA 1-929-121, 434-219 & 756-041 |
| Plan No. 2285 – Prairie | VA 1-921-718, 467-639 & 726-354 |
| Plan No. 2890 – Jefferson | VA 668-055, 668-056 & 889-020 |

14.     The foregoing works described in paragraph 13 above will be referred to collectively as the "Copyrighted Works."

15.     The Copyrighted Works have been published in various Design Basics' plan catalogues and publications. The Copyrighted Works have also been published by Design Basics on the internet at www.designbasics.com. Plaintiffs' home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of plan catalogues and other publications and also on the internet, including many websites.

16.     The Copyrighted Works constitute original material that is copyrightable under federal law.

17.     Design Basics is currently, and at all relevant times has been, the sole owner of all right, title and interest in and to the works described in paragraph 13 above.

18.     Defendants have been engaged, at least in part, in the business of creating, publishing, distributing, and advertising residential home designs through traditional print media, on the internet on sites such as pageanthomes.com and legglumber.com, and in marketing, advertising, constructing, and selling homes built according to such designs.

19.     Defendants have regularly and systematically infringed Design Basics' copyrights and those of other designers and architects in original architectural works, and has induced others, including individual homeowners, contractors, developers, and other entities and individuals engaged in the business of home building to infringe Design Basics' copyrights in its original architectural works, to the profit of Defendants and those entities, and to Design Basics' detriment.

20.     Defendants have been actually aware of Design Basics and the works that Design Basics markets. At all times material to this case, Design Basics has had a reasonable opportunity to have viewed the Copyrighted Works.

21.     Defendants have infringed the copyrights in other original architectural works of Design Basics, the scope and breadth of which infringing activities will be ascertained during the course of further discovery.

22.     Defendants have published, distributed, marketed, and advertised certain architectural designs and technical drawings for single family residential homes, each consisting of a floor plan and exterior elevations, that Defendants have identified and marketed, but which

models names are presently unknown to Design Basics. Examples of those house designs from Defendants' websites are attached to this as *Exhibit A*.

23.     Defendants have violated and continue to violate Design Basics' exclusive rights in the Copyrighted Works (including the right to reproduce, the right to prepare derivative works and the right to sell), by copying, publishing, distributing, advertising, marketing, selling, and/or constructing in the marketplace, plans, drawings and houses which were copied or otherwise derived from the Copyrighted Works, examples of which include but are not limited to those found on page 3 of *Exhibit A*.

24.     The acts of Defendants, described in paragraphs 18 through 23, were done without permission or license from Design Basics, in violation of Design Basics' exclusive copyrights in said works.

## <u>Cause of Action for Non-Willful Copyright Infringement</u>
### Count 1

25.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

26.     Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 2

27.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

28.     Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by publicly displaying, on its web site(s)

6

and elsewhere, for purposes of advertising and marketing, unauthorized copies and/or or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 3

29.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

30.     Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by creating derivatives therefrom, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Count 4

31.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

32.     Defendants, without knowledge or intent, infringed Design Basics' copyrights in one or more of its works identified and described above, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count 5

33.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

34.     Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

**Count 6**

35.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

36.     Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by publicly displaying, on its web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

**Count 7**

37.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

38.     Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by creating derivatives there from in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

## Count 8

39.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

40.     Alternatively, Defendants willfully infringed Design Basics' copyrights in one or more of its works identified and described above, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Design Basics' works which are as yet undiscovered.

## Violations of DMCA § 1202
## Count 9

41.     Design Basics re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 24 above.

42.     Additionally and alternatively, Defendants violated § 1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

43.     In creating the floor plans and elevations identified above, Defendants intentionally removed and/or omitted Design Basics' copyright management information, or had them removed and/or omitted from copies of Design Basics' works.

44.     Defendants thereafter distributed copies and/or derivatives of such works, knowing that such copyright management information had been removed and/or omitted without authorization.

45.     At the time Defendants removed and/or omitted Design Basics' copyright management information from copies of the works, and at the time Defendants distributed copies of the works from which the copyright management information had been removed and/or

omitted, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Design Basics' copyrighted works.

46.     Design Basics is entitled to and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of Design Basics' rights under 17 U.S.C. § 1202, *et seq.*

47.     Pursuant to 17 U.S.C. § 1203(b)(5), Design Basics is entitled to and seeks to recover its reasonable attorneys' fees.

## Jury Demand

48.     Pursuant to Federal Rule of Civil Procedure 38, Design Basics respectfully demands a trial by jury of all issues so triable.

WHEREFORE, Design Basics demands that judgment be entered in its favor and against Defendants as follows:

a.  For an accounting by Defendants of their activities in connection with their infringements of Design Basics' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

b.  For Design Basics' actual damages, in an amount to be determined at trial;

c.  For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, and all direct and indirect profits derived from the sale of lumber, and building materials attributable to the infringing structures, and other installed sales, in an amount to be determined at trial;

d.  In the alternative and at Design Basics' option, post-verdict, Design Basics seeks an award of statutory damages in lieu of actual damages for the infringement of any one or more of its works, described above, in an amount to be determined at trial;

e.  Design Basics' actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

f.  For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Design Basics' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Design Basics' plans and/or derivatives thereof;

g.  An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Design Basics' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of Defendants;

h.  An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. § 1202, *et seq.*;

i.  For such other relief as the Court determines to be just and equitable.

Respectfully submitted,

/s/ John D. LaDue
John D. LaDue (19039-71)
LaDue | Curran | Kuehn
100 East Wayne Street, Suite 300
South Bend, Indiana 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
jladue@lck-law.com

Attorneys for Design Basics, LLC